SIMON *v.* DESPORTE.[*]

(Division A.   April 9, 1928.)

[116 So. 534.   No. 27065.]

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 333, n. 22; p. 335, n. 36; Trial, 38Cyc, p. 1615, n. 21.

*Rushing & Guice, W. L. Guice* and *Jno. L. Heiss,* for appellant.

*Leathers & Sykes* and *Mize, Mize & Thompson,* for appellee.

Argued orally by *Wm. Guice,* for appellant, and *S. C. Mize,* for appellee.

SMITH, C. J. The appellee recovered a judgment in the court below against the appellant for money had and received. The declaration set out in detail the facts on which the cause of action is alleged to have arisen. These facts, as therein set forth, are, in substance: That in November, 1905, a tract of land known as the Bailey property was advertised to be sold by Harry W. Fitzpatrick & Co. at public auction, payments therefor to be made one-third in cash and the balance in one and two years. The property was bid in at the sale by the appellant, and thereafter he called the appellee over the telephone and told that he "had bid in said Bailey property for thirty-five thousand dollars, on terms of one-third cash, and the balance payable in one, two, and three years; and that Carl Theobald was going to take a one-fourth interest in it, and he, the defendant, was going to take a one-fourth interest in it, and that Harry W. Fitzpatrick was going to take a one-fourth interest in it; and

that plaintiff could have the other one-fourth interest in said property if she desired to go into it." This offer was accepted by the appellee, and thereafter she paid to the appellant one thousand dollars "as her part of the earnest money required in the said transaction." Afterwards the appellee was advised by the appellant that an abstract title to the property had been completed, and "that the balance of her part of the cash payment due was two thousand one hundred eighty-four dollars and thirty-seven cents." Whereupon she gave him a check therefor, which he indorsed, and which was subsequently cashed. "It thereupon became and was the duty of said defendant, Joe Simon, to execute to her a deed to a one-fourth interest in said property, but that he did not do so, and plaintiff thereupon made demand upon him to execute deed to her to a one-fourth interest in said property known as the Bailey property in Ocean Springs, Miss., but defendant declined and refused to execute such deed to her and has not to this date conveyed to her any interest in said property." The appellee's contract with the appellant was not in writing, so that she could not enforce its specific performance, and therefore sues to recover the money paid him thereunder.

The appellant pleaded the general issue, and gave notice thereunder that he would introduce evidence to the effect that before the sale of the Bailey property an agreement was entered into by the appellant, Theobald, Harry W. Fitzpatrick, and the appellee, under which the appellant was to bid in the Bailey property for them, each to take a one-fourth interest therein, which he did, and the money paid by the appellee to the appellant was by him turned over to Harry W. Fitzpatrick, the auctioneer, under instructions from the appellee so to do, to cover her portion of the cash payment to be made on the land; that no deed to the land by the owner thereof had been made to the appellant or his associates, although he has used his utmost endeavor to procure the same.

The appellee's evidence supports her declaration, and the evidence for the appellant is in substantial accord with his notice under the general issue.

Prior to the institution of this suit in the court below, the appellee sued the appellant and Fitzpatrick, in the chancery court, on an original bill, which stated the facts on which her cause of action arises more nearly in accord with the evidence here introduced by the appellant than with that here introduced by the appellee. This bill was signed and sworn to by the appellee. The appellant introduced this bill of complaint in evidence. Afterwards the appellee sought to introduce the decree rendered by the chancery court thereon, but on objection by the appellant was not permitted so to do. Whereupon the appellee moved to exclude the bill of complaint introduced by the appellant. This motion was sustained. The appellee had testified that she signed and swore to the bill of complaint without reading it. This bill of complaint should not have been excluded, but should have gone to the jury along with the appellee's explanation thereof; for admissions in a pleading sworn to by the party in whose behalf it was filed are admissible against· him in another action. 22 C. J. 335; 2 Wig. on Evidence (2 Ed.), section 1065; *Delaware County* v. *Diebold Safe, etc.,* 133 U. S. 473, 10 S. Ct. 399, 33 L. Ed. 674. Compare *Crump* v. *Gerock,* 40 Miss. 765; *Co-operative Life Association* v. *Leflore,* 53 Miss. 1; *Meyer* v. *Blakemore,* 54 Miss. 570.

The appellee's third instruction (which the reporter will set out in full) should not have been given. The declaration alleges that the appellee purchased the Bailey property from Joe Simon, and made him a partial payment thereon, but that he has refused to execute to her a deed thereto, and prays for a judgment against him for the money so paid him. In other words, the suit is by a vendee against a vendor who refuses to execute a deed to the property agreed to be conveyed for the

recovery of the purchase money paid. The appellee's instruction No. 3 permits a recovery on an entirely different theory, to-wit, that the appellant, acting as the agent for the appellee and others, bid in the Bailey property at the sale thereof, received from the appellee her portion of the purchase money due thereon, and paid it over to Harry W. Fitzpatrick, the auctioneer, without receiving a deed thereto from him to the appellee, and without authority from the appellee so to do, resulting in the loss to the appellee of the money so received from her by him. In other words, the recovery permitted by the instruction is for the negligence of an agent in discharging a duty due by him to his principal.

*Reversed and remanded.*