## SIMON *v.* DIXIE GREYHOUND LINES, Inc.

(Division A. Sept. 27, 1937. Suggestion of Error Overruled Nov. 22, 1937.)

[176 So. 160. No. 32723.]

Floyd W. Cunningham and Jas. A. Cunningham, both of Booneville, for appellant.

T. A. Clark, of Iuka, and Chandler, Shepherd, Owen & Heiskell, of Memphis, Tenn., for appellee.

574

Argued orally by **Jas. A. Cunningham**, for appellant, and by **A. L. Heiskell**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This suit was instituted by the administrator of the estate of J. Whit Jones, deceased, against the Dixie Greyhound Lines, seeking to recover damages for the death of the said Jones, resulting from the alleged negligence of the defendant in parking its bus over the center of a highway, and in causing the lights of the said bus to shine on the highway with such brightness and intensity as to blind motorists who were approaching it. At the conclusion of the evidence offered by the plaintiff, a motion to exclude it was sustained, and a directed verdict in favor of the defendant was entered, and from this verdict and the judgment entered thereon this appeal was prosecuted.

The appellant offered evidence tending to show the following facts: On the night of January 9, 1934, the appellee was operating an eastbound passenger bus over Lee Highway. At a point about two and a half miles east of Iuka, Miss., it stopped on the highway for repairs. It stopped on level ground a few feet west of the residence of a witness, O. P. Nunly. From the point where the bus was parked, the highway was straight for some distance east and west. Eastward from where the bus was parked there was a decline or hill leading to a fill or

embankment over a culvert and ditch at the bottom thereof, and eastward from this fill or embankment there was an incline or hill of considerable length. Before the bus stopped it was being operated with two headlights and one spotlight which, according to appellant's evidence, were brighter than ordinary automobile lights and threw a bright light directly on the road down to the embankment or fill and on to the side of the hill beyond it. The deceased was driving west on this highway, and as the automobile which he was driving was coming down the hill toward the embankment, at a point 64 feet from the culvert and ditch at the bottom thereof, it turned to the right, out of the traveled way, and continued at an angle along and down the embankment into the ditch. The point where the automobile went into the ditch at the bottom of the embankment was approximately 300 feet east of the bus, which was parked on the highway "about a foot and a half or two feet over the center thereof."

After the crash of the car in the ditch, the driver of the bus and certain passengers thereon hurriedly went to the scene. O. P. Nunly, whose residence was opposite the point where the bus was parked, was in bed at the time of the crash. He testified that he immediately got out of bed, dressed, and hurried to the scene of the accident. These parties helped the injured man up the embankment onto the road, and Nunly offered to testify that he then said, "How come me here," and next said, "The lights blinded me, I couldn't see, I tried to stop and couldn't." He further testified that the injured man stated that he thought the bus was coming, and that he turned gradually to the right until he got on the bank and then could not stop. Appellant also offered evidence to the effect that at the time the injured man made these statements at the scene of the accident, and repeated them at the residence of Nunly, and later to his physician, he appeared to be in a dazed condition.

In the absence of the jury, the court heard evidence as

to the condition of the injured man at the time he made these statements, from which it appeared that after he was assisted up the embankment he walked to the residence of Nunly and there requested that his son be called; that in a short while his son came and carried him to his home, where he was immediately placed under the care of his physician, and that about three days later he was removed to a hospital, where he died about thirty days thereafter.

The court held that the statement by Jones at the scene of the accident, and also similar statements alleged to have been made at the residence of Nunly, and to his physician after he was carried to his home, constituted a mere history or narrative of a completed past occurrence, and were therefore not admissible as a part of the res gestae, and the action of the court in excluding this testimony, and particularly the testimony as to statements made at the scene of the accident, is assigned as error.

While the question of whether a statement is admissible as a part of the res gestae depends upon the facts and circumstances of the particular case, the general rule to be applied in determining the admissibility of such statements is very clearly stated by Judge Cooper in the case of Mayes v. State, 64 Miss. 329, 1 So. 733, 735, 60 Am. Rep. 58, in the following language: "It is not enough that the statement will throw light upon the transaction under investigation, nor that it was made so soon after the occurrence as to exclude the presumption that it has been fabricated, nor that it was made under such circumstances as to compel the conviction of its truth. The true inquiry, according to all the authorities, is whether the declaration is a verbal act, illustrating, explaining, or interpreting other parts of the transaction of which it is itself a part, or is merely a history, or a part of a history, of a completed past affair. In the one case it is competent; in the other it is not."

It appears to us that the statements sought to be introduced in this case clearly constituted a mere history or narrative of a completed past affair, and were therefore incompetent and inadmissible. And, if it be conceded for the purpose of this decision that, as contended by counsel for the appellant, severe physical and mental shock of the declarant at the time of making the statement renders admissible statements which would otherwise be inadmissible as a part of the res gestae, we are of the opinion that the facts and circumstances here in evidence do not show such shock or loss of mental faculties as would bring the statements here offered within such an exception to the rule.

With the declarations of the injured man properly excluded, there was no evidence whatever proving or tending to prove that the negligence, if any, of the appellee in parking the bus over the center of the highway, or in permitting the lights of the bus to shine on the highway, caused or in any way contributed to the accident, which occurred approximately 100 yards in front of the bus. Consequently, the peremptory instruction was properly granted.

Affirmed.