Phillips, et al. *v.* The Dow Chemical Company, et al.

No. 42565 March 25, 1963 151 So. 2d 199

*William F. Riley,* Natchez; *Prewitt & Bullard,* Vicksburg, for appellants.

*Dudley W. Conner, Simrall, Aultman & Pope,* Hattiesburg; *Brandon, Brandon, Hornsby & Handy,* Natchez, for appellees.

GILLESPIE, J.

On March 11, 1960, David Phillips, Vernon C. Bradwell and James C. Carlisle were on the way to their homes after working during the week at a shipyard in

Pascagoula, as was their custom. They were riding in a Chevrolet owned by Carlisle. When they were on Highway 42 going westerly between Sumrall and Prentiss, it was after dark and they were traveling at a high rate of speed. A Farmall tractor was also moving westerly along the highway, being operated by a young colored boy with another small boy riding on the axle. The right front of the Chevrolet struck the tractor and sheared off the left tractor wheel. The Chevrolet then veered to its left across the highway and struck the left front of a large truck owned by, and operated by Robert K. Shoemake for, The Dow Chemical Company. At the time of the collision the Dow truck had slowed to fifteen or twenty miles per hour and was about half way off the pavement to its right and as close to the ditch as it could safely go. The left front wheel of the Dow truck was sheared off and the truck's braking system was destroyed by the impact. The truck turned left out of control and traveled about seventy-five feet and ran into a railroad embankment on the north side of the highway. The Chevrolet veered to the right after striking the truck, traveled more than one hundred feet, and came to rest north of the highway. All three occupants of the Chevrolet were killed. The next of kin of Phillips filed this suit for his wrongful death against the Dow Chemical Company and its driver, Robert K. Shoemake, and William T. Ferrell, administrator of the estate of James C. Carlisle. After a trial on the merits, the jury returned a verdict for all defendants. Plaintiffs appeal.

 ■ Appellants contend that the verdict was contrary to the overwhelming weight of the evidence, was not the product of reason but of bias, passion and prejudice, and the judgment based thereon must be reversed. In resolving this question we are mindful of our duty to set aside a verdict whenever we can confidently say that the jury did not respond to reason and therefore

acted from motives of bias, passion and prejudice. In so doing, the rule is that we must view the evidence in the light most favorable to the party in whose favor the jury decided. Moreover, we are not permitted to consider isolated parts of the evidence apart from the whole, and we must assume that the jury drew every permissible inference in favor of the successful party. We state the facts in view of these rules.

Shoemake was driving a specially equipped International truck which weighed about 22,500 pounds. Jack Williams, another employee of Dow, was riding in the truck. Shoemake and Williams stopped for coffee at Prentiss and then started to Hattiesburg along Highway 42 in an easterly direction. As Shoemake came over the crest of a grade, his speed was about 45 miles per hour. About this time Shoemake noticed two small lights in the north or westbound lane. We could not determine what the lights were but let off on his accelerator and the engine of his truck started slowing the vehicle. At that time Shoemake did not see any other vehicle approaching from the east. The two small lights in the westbound lane were in fact a Farmall tractor. When Shoemake was about 500 feet west of the tractor he saw the lights of an automobile coming from the east at a speed he estimated to be 70 miles per hour. When the westbound automobile was about 150 feet behind the tractor, Shoemake saw its lights dip but he could not tell whether its speed diminished. Shoemake then turned to his right as far as he could without risking turning over into the ditch and began braking his truck lightly. He had reduced the speed of the truck to fifteen or twenty miles an hour when the westbound automobile struck the tractor, then veered to its left and struck the Dow truck, shearing off the truck's left front wheel. Because the brake system was destroyed in the collision, Shoemake had no control over the truck and it rolled

about seventy-five feet to the left and ran into the railroad embankment north of the highway. The Dow truck was about half way off the pavement on its right side at the time of the collision. The shoulder on the southerly side of the highway is about five or six feet wide. All the distances and the speed of the westbound automobile were mere estimates and Shoemake did not contend they were anything more than rough estimates. There was ample room for the Chevrolet to pass between the tractor and the truck without colliding with either.

After the Chevrolet automobile came to rest on the north side of the highway west of the point of impact, Bardwell was either dead or dying and lying near the right rear wheel with his head toward the east. The body of James C. Carlisle was found near the right front wheel of the automobile. David Phillips was still alive and was sitting on the floor board with his feet near the right front door, with his armpit and shoulder resting on the seat under the steering wheel. Phillips was fatally injured but conscious. He requested help and made several statements, including ''Somebody hit me.'' The highway patrolman removed the baggage from the Chevrolet and took it to Prentiss. The next day, after the Chevrolet had been moved to Prentiss, some of Phillips' belongings, including his glasses, were found on the floor of the Chevrolet between the front and rear seats.

The three men who were killed worked at Pascagoula and came home every weekend. They alternated in the use of vehicles. On and before the day of the fatal accident, they had been riding in the Carlisle automobile, and the other two paid Carlisle $5.00 per week to defray expenses. On the day of the fatal accident, Carlisle was seen leaving his rooming house in Pascagoula. He was alone and driving his Chevrolet.

We are of the opinion that the evidence fully justified the jury's verdict in favor of Dow and Shoe-

make. The only thing Shoemake could have done to avoid the accident other than what he did do was to stop at some undetermined distance west of the place where the collision occurred. Appellants argue that he should have foreseen the consequences of not stopping, and the proof showed that the truck could physically have been stopped before reaching the point of impact. But this argument is predicated on hindsight. Shoemake was not an insurer. The jury was entitled to find that Shoemake did not create the emergency, and that he acted at all times as a reasonably prudent driver under the circumstances. Furthermore, a sudden full application of the brakes on the truck could have caused the truck to skid out of control. The truck was pulled as far to the right as it could safely go. The jury was justified in finding that Shoemake acted reasonably in braking lightly instead of locking his brakes. We cannot say the verdict was contrary to the overwhelming weight of the evidence, or that the jury did not respond to reason, or that the verdict was the result of bias, passion or prejudice.

██ █ As to the verdict in favor of the administrator of Carlisle's estate, the jury necessarily found that Phillips was driving Carlisle's Chevrolet. This issue was made up by the pleadings. No one saw who was driving the Chevrolet. It belonged to Carlisle. Earlier that day, Carlisle was seen driving alone in the Chevrolet at Pascagoula. Some of Phillips' belongings, including his glasses, were found behind the front seat. Phillips had no serious chest wounds. That was the proof on behalf of appellants tending to show Carlisle was driving. On the other hand, Phillips was found on the floor board with his armpit and shoulder resting on the seat under the steering wheel with his feet to the right. The entire left side of the car was destroyed and the right doors were open. The windshield was completely out. Bardwell and Carlisle were outside the

Chevrolet after the wreck. Phillips said shortly after the collision that "Somebody hit me." The jury could infer that the statement, "Somebody hit me," would probably be made by the driver, and that the driver, with the steering wheel to hold to, would be less likely to be thrown from the vehicle than the passengers. Taking all the evidence together, we are of the opinion that the jury was justified in finding that Phillips was driving the Chevrolet.

▰▰ Appellants contend that it was error for the lower court to grant defendants Dow and Shoemake an instruction which appears at page 547 of the record. This instruction told the jury that if it believed from a preponderance of the evidence that certain facts existed and that Shoemake acted as a reasonably prudent person under the circumstances, etc., then the jury should find for defendants Dow and Shoemake. The principal argument is that the instruction should have required the jury to find that Shoemake acted as a reasonably prudent and capable driver. Appellants rely on the case of Williams v. Moses, 234 Miss. 453, 106 So. 2d 45, and cases therein cited. Those cited cases are entirely different on the facts and are not controlling. In the case at bar the jury could not have been misled by any distinction between a reasonably prudent person under the circumstances and a reasonably prudent and capable driver of the truck involved. The whole instruction concerned the operation by Shoemake of the truck belonging to Dow. Moreover, another instruction told the jury that the standard by which to measure Shoemake's acts was that of a "reasonably prudent and capable driver." The instructions must be read as a whole. ▰▰ Any deficiency in the instruction complained of was cured by the other instructions.

▰▰ Appellants also contend that the lower court erred in granting Dow and Shoemake an instruction based on the sudden emergency rule. They argue that

the instruction was not applicable to the facts of the case in that the emergency was proximately caused by the fault of Shoemake. The evidence overwhelmingly shows that after Shoemake saw the tractor lights he began driving defensively, lifted his foot from the accelerator, and the engine of his truck was slowing the truck until he realized that a hazardous situation was developing. When he did so realize the danger, Shoemake began braking his truck and pulled as far to his right as safety permitted, thus leaving about twelve feet of clear passageway for the Chevrolet to pass. Under these facts, we are of the opinion that the instruction was proper.

Appellants contend that the sudden emergency was not pleaded and, therefore, the issue should not have been presented by the instruction, citing Tillman v. Richton Tie & Timber Co., 224 Miss. 789, 80 So. 2d 745, which holds that a defendant has the burden of pleading affirmative defenses as well as proving it. They also cite Meridian City Lines v. Baker, 206 Miss. 58, 39 So. 2d 541; N.O. & N.E. Railroad Co. v. Miles, 197 Miss. 846, 20 So. 2d 657, and Rawlings v. Royals, 214 Miss. 335, 58 So. 2d 820, as authority for the proposition that the issues presented by the instructions should be confined to those issues raised by the pleadings and justified by the evidence, but those cases are not in point here, for the vice of the instructions involved in those cases was failing to give the jury a guide as to what would constitute negligence. Those and many other cases condemn the use of the "any negligence" instruction. We hold that the instruction presenting the emergency rule was properly given.

Appellants next complain of an instruction granted Ferrell, administrator of Carlisle's estate, in which the jury was told ". . . . that if you believe from all the evidence in the case, and the reasonable inferences to be drawn therefrom, that the plaintiff's decedent,

David Phillips, Sr., was driving the automobile in which he was riding at the time of the accident, then you must return a verdict for the defendant, William T. Ferrell, administrator. . . . ."

The complaint is directed to the failure of the instruction to require the jury to believe from "a preponderance of the evidence that Phillips was driving the automobile." They argue that another instruction granted all of the defendants required the jury to find "from a preponderance of the evidence" that they were guilty of negligence before the jury could return a verdict against the defendants, and it is argued that the two instructions are in conflict. We are of the opinion, however, that under the case of Gregory v. Williams, 203 Miss. 455, 35 So. 2d 448, that this is not reversible error even if we assume that the defendants had the burden of proof.

Appellants complain of the refusal of the lower court to admit the pleadings in another lawsuit under the circumstances next to be stated. Sometime prior to the trial of the suit now before the court, the widow and children of James C. Carlisle sued Dow and Shoemake for the alleged wrongful death of Carlisle. This suit was filed in the Circuit Court of Forrest County. In their answer, Dow and Shoemake admitted a paragraph wherein it was alleged by the plaintiffs that Carlisle was driving his Chevrolet at the time of the collision. Plaintiffs offered this answer of Dow and Shoemake in the present case as a statement inconsistent with the position assumed in the case at bar. We are of the opinion that the lower court properly refused to admit this answer in evidence. The answer was unsworn and signed by attorneys for Dow and Shoemake, and under the rule laid down in Crump v. Gerok, 40 Miss. 765; Co-operative Life Association v. Leflore, 53 Miss. 1, and Meyer v. Blackemore, 54 Miss. 570, the pleading was not admissible. If it had been a sworn

pleading it would have been admissible under Simon v. Desporte, 150 Miss. 673, 116 So. 534. The evidence clearly shows that neither Dow nor Shoemake knew who was driving the Carlisle Chevrolet and any statement attributed to either of said parties would necessarily be based on opinion, and not on actual knowledge.

■ ■ Appellants assign as error the refusal of the lower court to admit in evidence a financial statement showing the wealth of Dow Chemical Company. Since the jury returned a verdict in favor of Dow on liability, the matter of damages and punitive damages is now immaterial.

■ ■ The lower court declined to admit in evidence a statement allegedly made by plaintiff's decedent to his step-son after the accident and before death to the effect that decedent was sitting on the back seat and just before the collision said, ''James, watch those lights,'' several times. Appellants argue that since all three occupants of the Carlisle Chevrolet are dead and their lips sealed, this evidence should be admitted because it is the best evidence obtainable under the rule of necessity. We are of the opinion, however, that this testimony is inadmissible under the hearsay rule. ■ ■ It does not qualify as a dying declaration, which is applicable only to criminal cases. Such statements are only admitted in cases of homicide as an exception to the general rules of evidence upon the ground of public necessity, preserving the lives of the community, by bringing man-slayers to justice. McDaniel v. State, 8 S. & M. 410; First National Bank v. Owen, 177 Miss. 339, 171 So. 4; N.O. & N.E. Railroad Co. v. Miles, 197 Miss. 846, 20 So. 2d 657; Simon v. Dixie Greyhound Lines, Inc., 179 Miss. 568, 176 So. 160; Woods v. Franklin, 151 Miss. 635, 118 So. 450. The statement was not a part of the res gestae. This testimony was inadmissible.

A study of this case and all the questions raised by this appeal reveals that it was skillfully prosecuted and

defended, and every facet fully developed; we are of the opinion that there is no reversible error, that the verdict in favor of Dow and Shoemake is supported by the overwhelming weight of the evidence, and the verdict in favor of Carlisle's administrator is supported by sufficient evidence. Therefore, the case should be, and is, affirmed.

Affirmed.

*McGehee, C. J., and Kyle, McElroy and Jones, JJ.,* concur.