RODGERS, Presiding Justice:
Mrs. Mary Katherine Morse Byrd filed suit against Key Life Insurance Company of South Carolina in the Circuit Court of Marion County, Mississippi. The suit was based on a life insurance policy alleged to have insured the life of her late husband, Billy Fox Byrd, and which was issued by appellant payable to George Byrd, beneficiary, the benefits of which had been assigned to Mrs. Byrd. The jury returned a verdict in favor of the plaintiff, and the defendant life insurance company has appealed to this Court. The appellant contends, among other things, that the trial court should have sustained its motion for a directed verdict in favor of the defendant life insurance company.
A careful study of the record and authorities cited in this case has convinced us that the trial court erroneously overruled the defendant’s motion for a directed verdict.
The insurance policy issued by the appellant contains the following paragraphs:
“THE COMPANY HEREBY AGREES to pay benefits to the extent herein, and subject to the provisions, exclusions and limitations hereinafter set forth for loss *452 es resulting from accidental bodily injuries as herein defined, suffered by those persons actually in the employ of the Policyowner named above, whose names for the period of insurance granted hereunder, including renewal thereof, appear on the payroll records of the Policyowner during the effective period hereof.
This policy pays benefits for losses resulting directly and independently of all other causes from accidental bodily injuries sustained solely through external, violent and accidental means and while this policy is in force . . . .” (Emphasis added)
In order to recover from the insurance company upon the insurance policy issued by it, it was necessary to show that the life of the deceased was insured by the terms of the policy; that he was employed as a “laborer;” that he was acting within the “scope of his employment” at the time of his death; and that he died as a result of “accidental bodily injuries” within the meaning of the policy.
There is much to be desired in the testimony offered by the plaintiff to indicate that the deceased was intended to be included as a regular employee of his brother George Byrd. As a matter of fact, the claim of the employer George Byrd that he employed his brother was based upon his checkbook stubs and checks. The name of the deceased did not appear on the regular weekly payroll. Moreover, assuming that he was considered an employee, his employer testified that “at times” he could have been classified as a foreman and “at times” he acted as a supervisor.
The testimony of George Byrd shows that he did not know whether or not his brother was working on the day of his death, but that he was not acting as a foreman or superintendent on that date. The only testimony in the record to indicate that the deceased was working as a timber buyer on the day of his death was the fact that he did not go by his mother’s home to get a cup of coffee, as he usually did when he was not working, and that he was thought to have been more than two miles away from home sometime in the early morning.
If it could be said that the deceased was an employee of George Byrd and that he was working on the day of his death, there is no competent testimony to indicate that the deceased died of “accidental bodily injuries sustained solely through external, violent and accidental means” except that of Dr. J. S. Haney.
The claimant, Mrs. Mary Katherine Morse Byrd, the widow of Billy Fox Byrd, testified that as she went to work [she was employed away from home] in the morning, her husband drove up in his truck. She noticed that his truck fender was bent and crumpled. She said: “As I was walking out the door Bill was driving up. I says, ‘Daddy what happened to the truck? The right front fender was dented and nonchalantly he said, ‘Oh, I hit a tree.’ ”
The appellant objected to this testimony, but the objection was overruled.
This evidence was inadmissible and, since it was one of the necessary elements to be proven, its admission was harmful, and its admission was error.
Statements made by deceased witnesses are generally held to be incompetent under the hearsay rule [Phillips v. Dow Chemical Co., 247 Miss. 293, 151 So.2d 199 (1963)] unless they are a part of the res gestae. They are sometimes rejected as being self-serving declarations where they establish claims for injury or restitution. 29 Am.Jur.2d Evidence § 621, at 674-75 (1967). There are exceptions to these rules, such as dying declarations in criminal prosecutions or exclamations of pain and suffering. There are others, but the above statement: “I hit a tree” is not admissible under any of these exceptions.
*453 The only other testimony that may be said to indicate the cause of the death of Billy Fox Byrd was the testimony of Dr. J. S. Haney. He examined the body of the deceased after his death, and when asked the cause of his death, Dr. Haney testified as follows:
“A. Shock following an acute hemorrhage of mesenteric vessel.
Q. What could cause—what in your opinion—
A. Trauma.”
The court sustained an objection to the opinion of the doctor that the deceased received the trauma by being thrown against the steering wheel. He then testified:
“Q. You say trauma, would you describe what trauma is.
A. It is a blow or in this case it had to be an external blow.”
He then said that this was the cause of. death.
What do we have in the record on which to base the order of the court permitting the case to be submitted to the jury? We have an insurance policy insuring “laborers” of George Byrd. The deceased’s name was not found in the weekly payroll of laborers. He was an employee who was considered by his employer as a foreman or superintendent “at times.” There is no direct evidence that deceased was working as a timber buyer on the day of his death. There is no testimony that the deceased was injured while engaged in his employment. The only evidence that the deceased had an accident was the fact that his automobile had a crumpled fender, coupled with the testimony of the physician that his death was caused by an external trauma.
The appellant argues that where the testimony shows that the deceased died of an accidental death, the defendant is then required to go forward with proof to show that the prima facie testimony of an accident is not the true facts. Appellant cites Taylor v. Insurance Company of North America, 263 So.2d 749 (Miss.1972).
The Taylor case distinguished between the phrase “accidental injury” and “injury caused by accidental means.” The instant case tends to show that the trauma from which the deceased lost his life was an external blow to the chest of deceased, but there is no competent testimony to show that the death of the deceased was caused by “accidental means” [as required by the policy], except the testimony of Mrs. Byrd that her husband said that he had struck a tree. Moreover, there is no testimony to show that the alleged blow to the chest of the deceased was even “accidental,” except the inference to be drawn from the testimony with reference to a bent and crumpled fender of his truck.
It is also argued that the burden was upon the defendant insurance company to plead and prove that the deceased was not at work at the time of his death, because it is said that since the clause “unless such loss occurs while the person is actually engaged in the usual and customary duties of his employment” is an exclusion in the policy and the defendant did not so plead nor offer proof to show that the exclusion clause was applicable to the facts in this case. The appellee cited Life and Casualty Insurance Co. v. Walters, 190 Miss. 761, 198 So. 746 (1940), as authority for this proposition. The appellee overlooks the fact that the burden was upon the plaintiff to show that the “policy pays benefits for losses resulting directly and independently of all other causes from accidental bodily injuries sustained solely through external, violent and accidental means and while this policy is in force
We are of the opinion that the testimony in this case fails to meet the burden of proof required of a plaintiff to establish a claim under the terms of the policy. The *454 judgment of the trial court must, therefore, be reversed and judgment entered here in favor of the defendant, the appellant. Key Life Insurance Company.
Reversed and rendered.
GILLESPIE, C. J., and PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.
BROOM, J., took no part.