ALABAMA GREAT SOUTHERN R. Co. *v.* SHANNON.

[68 South. 165.]

EVIDENCE. *Declaration. Res gestae.*
    Where plaintiff's son and a companion were struck by a railroad
    train, and the son was instantly killed, but the companion lived
    for some time afterwards, a statement made by the companion
    when picked up about thirty minutes after the accident, that
    they had sat down on the track and gone to sleep, and he did
    not know anything until, on waking up, he found he had been
    struck by a train, was not admissible as a statement made immediately after the accident, while the person was still under
    the excitement of the occurrence, where there was nothing in
    the evidence to show that the companion was still laboring under
    the stress of excitement caused by the shock and was not in full
    possession of his faculties.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.

Suit by Mrs. Maria V. Shannon against the Alabama
Great Southern Railroad Company.   From a judg-
ment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Catchings & Catchings,* for appellant.

*G. Q. Hall* and *Hall & Jacobson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an action for damages resulting from the
death of John Shannon, in which a judgment was ren-
dered in the court below for appellees, who were plain-
tiffs therein.   Shannon and Harry Daniell were struck
and injured by the same train at the same time, and a
case wherein damages were sought to be recovered for
the death of Daniell will be found reported under the
style of *Southern Railway Co.* v. *Daniell,* 66 So. 730.
The facts here are identical with the facts there set out
in the Daniell Case, except that—First.   Shannon was
instantly killed.   Second.   The statement made by
Daniell, after his injury, that he and Shannon walked to
the place where the accident occurred, sat down upon
the track, and went to sleep, and "that he didn't know
anything until he waked up and found he had been
struck by a train," was excluded.   This statement was
offered as a part of the testimony of the conductor of
train No. 214, and was made about thirty minutes after
the accident.   Third.   Shannon's shoes were found by
the conductor of train No. 214 placed side by side, out-
side of, and near one of, the rails of the track, the toes
pointing outward, with his coat folded and lying across
them.

The statement made by Daniel to the conductor was
properly excluded.   The rule here sought to be invoked

by counsel for appellant is that laid down in 3 Wigmore on Evidence, sections 1746, 1747, that:

''A statement or exclamation by an injured person, immediately, after the injury, declaring the circumstances of the injury, or by a person present at an affray, a railroad collision, or other exciting occasion, asserting the circumstances of it as observed by him,'' is admissible in evidence. ''This general principle is based on the experience that, under certain external circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or, at least, as lacking the usual grounds of untrustworthiness), and thus as expressing the real tenor of the speaker's belief as to the facts just observed by him, and may therefore be received as testimony to those facts. The ordinary situation presenting these conditions is an affray or a railroad accident.'' ·

Conceding for the sake of the argument the soundness of the rule here laid down, and that the statement sought to be introduced was not made too long after the injury, there is no evidence whatever indicating that at. the time it was made Daniel was laboring under a stress of nervous excitement caused by the shock, or that he was not, in so far as the rule here sought to be invoked is concerned, in possession of all of his faculties.

The exclusion of this evidence, however, did not materially change the situation; for from all of the evidence it is clear that Shannon was on the track at the

time he was struck, and the jury would have been well warranted in believing that he was sitting down thereon asleep. He is not shown to be other than a normal man, and it is hardly possible that a normal man, unless he was either asleep or unconscious for the time being, would have failed to hear, and to have gotten out of the way of, an approaching train.

The same errors were committed in the granting and refusing of instructions in this case that were committed in the Daniell Case; consequently the judgment of the court below must be, and is, reversed and the cause remanded.

*Reversed and remanded.*