DUNN *v.* BUTLER

No. 43385 March 1, 1965 172 So. 2d 430

*J. B. Mitchell, Smith & Smith,* Corinth, for appellant.

*Stovall & Price,* Corinth, for appellee.

GILLESPIE, J.

David Dunn, plaintiff below and appellant here, sued James Butler, Sr., defendant below and appellee here, for personal injuries he sustained, and medical bills incurred in the treatment of injuries sustained by him and his minor children, when appellee ran his automobile against them. Appellant appealed from a judgment in his favor in a sum which he contends is inadequate. The only question justifying consideration is the contention that the verdict is so inadequate that it evinces bias and prejudice on the part of the jury.

Appellant and his two daughters, ages nine and seven, were walking along a street and when he saw appellee's automobile approaching, he grabbed his children and ran into the ditch but was run down by appellee's vehicle. Appellee admitted that he was negligent and testified that he drank a half pint of 90-proof moonshine whiskey shortly before the accident and did not remember anything about it.

The jury returned the following verdict:

The jury agrees the amt of $885.00 should compensate Mr. Dunn for all bills Drs Hospital and Medicine and etc. An additional of $500.00 to cover various bills to be met. Total of $1385.00.

Appellant was struck on his back and hips. The physician who treated him described his injuries as large abrasions over his back and hips with hematoma, bluish discolorations, and swelling. His lower back, including the left hip, was involved but not as much as the right. He was in pain when admitted to the hospital, where he remained four days. The physician said the injury to his back was pretty severe with bleeding and swelling, although no bones were broken. Treatment consisted of supportive treatment and medicine to keep him easy. Diagnosis was lumbar sacral sprain with some damage to the sciatic nerve. The physician was of the opinion that appellant's back will be weakened but he could not

say how much damage was done in that respect; that appellant would not be able to lift as he did before the accident, and that "he will have some weakness in his back as to doing the heavy work he was doing previously."

Appellant testified that he suffered a great deal and was not able to do the lifting he had formerly done and had to have help when lifting objects he formerly lifted without difficulty. He lost over two weeks from work.

 █ In order to insure the preservation, integrity and vitality of the right to trial by jury, this Court has throughout its history exercised its constitutionality ordained duty to set aside verdicts whenever the jury manifestly failed to respond to reason. This power must be exercised with conscious self restraint and caution, but it must be exercised in a proper case for trial by a jury that will not respond to reason is a denial of the right itself.

 █ In the present case, it is manifest that the jury did not respond to reason, which is the same as saying that the verdict evinces bias and prejudice against appellant. The jury expressly denied any recovery for pain and suffering past and future, and at least some permanent disability. Appellant is a working man whose means of earning a living is his labor. We hold that the verdict is so inadequate that it evinces bias and prejudice and should be and is reversed.

Reversed and remanded for a new trial on question of damages only.

*Kyle, P. J., and Rodgers, Brady and Inzer, JJ.,* concur.