PATTERSON, Justice.
This is an appeal from a judgment of the Circuit Court of Jackson County in the sum of $3,000. Victor B. Koock, the plaintiff below and recipient of the judgment, appeals therefrom, assigning as error that the verdict was so grossly inadequate as to show bias and prejudice on the part of the jury.
On March 1, 1968, the plaintiff and his wife were involved in an automobile collision with another vehicle which was operated by Boyd Ray Ford, an employee of Fletcher Construction Company. The uncontroverted facts indicated that as the defendant Ford was traveling west in the city of Ocean Springs about his master’s business, he failed to yield the right-of-way at the intersection of Iberville and Washington Avenues and struck the vehicle of the plaintiff in the right side causing damages to it and injuries to the plaintiff. The plaintiff had the right-of-way at the time *463 of the accident, was guilty of no contributory negligence, and none is charged.
Immediately following the accident the plaintiff was examined by Dr. Kuljis at Howard Memorial Hospital in Biloxi. He was there treated for numerous cuts and bruises and was given a physical examination which included x-rays. The x-rays disclosed spots on the lungs of the plaintiff. Dr. Kuljis being of the opinion that the lung spots, which were totally unrelated to the accident, might be indicative of a cancerous condition, referred the plaintiff to the Touro Clinic in New Orleans, Louisiana. One of the examining physicians at Touro, Dr. Cotlar, discovered that in addition to the lung spots the plaintiff had two hernias. Both the lung condition and the hernia condition required surgery. The physicians elected to give the lung operation priority due to its more serious nature. This operation, which, incidentally, disclosed no malignancy, was performed in March 1968, and upon being released from Touro the plaintiff was advised by Dr. Cotlar to have the hernia operation performed within a reasonable time. This operation was performed approximately one year later, subsequent to the filing of the declaration in this suit and only two weeks prior to the trial of the case.
The parties stipulated that the damage to plaintiff’s automobile was $900, the Howard Memorial Hospital bill was $205, and Dr. Kuljis’ medical bill was $76. The evidence reflects the hospital bill submitted by Touro Clinic for the hernia operation was $704.95 and the surgeon’s fee of Dr. Cotlar was $500. The total of the stipulated damages and the uncontroverted evidentiary damages is $2,385.95. The testimony of the plaintiff was that at the time of the accident he earned approximately $300 per week.
The most serious controversy in the suit concerns the hernias. Dr. Cotlar was of the opinion that they resulted from the pressures placed on the appellant’s abdomen by the seat belt he was wearing at the time of the accident and that a normal post-surgery recovery period for the hernia operation would be approximately three months. The plaintiff testified unequivocally that he did not have the hernias prior to the accident. The testimony of his wife of many years was to the same effect.
Dr. Gunn, who testified for the defendants, but who did not examine the plaintiff, was of the opinion that the hernias were not the result of the automobile accident and that the post-surgery recovery period would be approximately ten weeks.
There being no contributory negligence alleged by the pleadings and no evidence offered thereon, the only issues before the jury were whether the negligence of the defendants proximately caused the injuries the plaintiff received, and if so, the amount of damages the plaintiff was entitled to as a result thereof.
The amount of the verdict was $3,000. The sum of the damages to the automobile and those resulting from the preliminary medical examination and the hernia operation were $2,385.95. Accepting, for the purpose of this opinion, the testimony of the defendants’ doctor that the loss of time would be only ten weeks, the loss would nevertheless amount to $3,000. There is thus established an actual loss of $5,385.95. This sum, of course, does not include any damages for pain and suffering resulting from the accident nor does it include an estimate of the appellant’s loss of future wages due to resulting disability, if any, from the accident. The jury’s verdict, when compared to the damages, admitted and proved, is so grossly inadequate to compensate the appellant for the injuries and damages which he sustained as to evince bias and prejudice on the part of the jury.
We have held that when the verdict of the jury is inadequate and disproportionate to the loss suffered so as to evince bias, passion or prejudice, justice requires a new trial in order to properly determine *464 the amount of damages. Gregory v. Patrick, 204 So.2d 466 (Miss.1967); Burlingame v. Southwest Drug Stores of Miss., 203 So.2d 74 (Miss.1967); and Dixon v. Breland, 192 Miss. 335, 6 So.2d 122 (1942).
We hold, therefore, that the lower court erred in not sustaining the plaintiff’s motion for a new trial due to the inadequacy of damages, and that the cause must be reversed and remanded for a new trial upon the question of damages alone.
Reversed and remanded for a new trial upon the issue of damages only.
GILLESPIE, P. J., and RODGERS, SMITH and ROBERTSON, JJ., concur.