ETHRIDGE, Chief Justice.
J. D. Cruthird and his wife, Mrs. Elizabeth Y. Cruthird, appellants, brought separate actions in the Circuit Court of Cov-ington County, against Paul D. Allred, defendant-appellee, for personal injuries resulting from an automobile collision. The two suits were consolidated for hearing, and the jury returned separate verdicts for Mr. Cruthird in the amount of $1,000, and for Mrs. Cruthird, $2,000. Both plaintiffs have appealed, asserting that the verdicts are grossly inadequate and do not respond to the evidence. They ask for an affirmance on liability, and reversal and remand for a new trial on damages only. The defendant has taken no cross-appeal.
Around 2:30 P.M. on a rainy day Mr. Cruthird was driving his automobile south on U.S. Highway 49, a four-lane divided highway, approximately four miles south of Seminary, Mississippi. His wife was sitting on the right side of the front seat and another couple was in the back seat. Allred in his car had been driving behind the Cruthird vehicle for about two miles. About 100 feet before they reached an intersection, Allred ran into the back of the Cruthird car, which was in the right lane. Both plaintiffs charged that Allred was guilty of negligence in that he was following the plaintiffs’ car too closely, in violation of section 8188, Mississippi Code 1942 Annotated (1956); in failing to have his vehicle under proper control and to keep a proper lookout, and in driving at an excessive rate of speed. The defendant asserted that Mr. Cruthird was driving his automobile in an irregular manner, varying his speed from sixty to fifty miles per hour, and was not driving his car on a straight line in the right lane, but would allow it to drift near but not into the lefthand lane, thus preventing Allred’s attempts to pass the Cruthird car on either the left or right-hand lane of travel.
However, defendant’s own testimony reflects that the sole proximate cause of this accident was his own negligence. While the Cruthird car was in the right lane, Allred attempted to pass it by going to the right of that lane, presumably on the shoulder, with an intersection immediately ahead. He saw two cars parked in a way to block his passage, so unable to pass in that manner, he came back into the right lane and hit the rear of the Cruthird car.
The jury was amply warranted in finding that Allred was negligent and that his negligence caused the collision. However, it erred in apparently finding that Mr. Cruthird was guilty of contributory negligence. It reduced his damages to $1,000, substantially below his undisputed damages of $1,828.45.
Appellant, Mrs. Elizabeth Y. Cruth-ird, was a passenger, and no negligence can be attributed to her. She was awarded damages of $2,000. Her evidence showed lost wages of $629.16. She received bruises and a severe neck sprain, and was hospitalized twelve days after the accident. She has had difficulty sleeping, and at the time of the trial, many months after the accident, she was still suffering pain with *371 marked limitation of movement in the neck. There is a probability of some type of permanent disability from her severe neck sprain, according to an orthopedist, who also stated that Mrs. Cruthird would have trouble sitting at a desk for more than one or two hours at a time without considerable discomfort. The verdict of $2,000 for Mrs. Cruthird is not responsive to the evidence and is grossly inadequate.
In summary, the judgments for both Mr. and Mrs. Cruthird are affirmed as to liability, but their suits are reversed and remanded for new trials on the issue of damages only.
Affirmed on liability as to both appellants, but reversed and remanded for new trials on the issue of damages only.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.