PATTERSON, Justice.
This is an appeal from the Circuit Court of Montgomery County wherein the plaintiff, Frank Tyler, was awarded a judgment of $946.20. He appeals, contending the award was inadequate and James Henry Powell, the defendant, cross appeals, con *646 tending he was not liable and was prejudiced by the introduction of improper evidence. We reverse on direct appeal and affirm on cross appeal.
On December 17, 1969, Frank Tyler, and two other passengers, were enroute from Winona to Grenada in an automobile owned and driven by James Lee Sykes. They were returning from their place of employment to their homes. Their route was in a northerly direction on U. S. Highway 51. As they approached Fisher’s Crossing, a junction where Lodi Road intersects the highway from the east, they observed the defendant travelling south in his pickup truck. As the vehicles entered the intersection a collision occurred between them.
Powell, the driver of the southbound vehicle, who was 76 years of age at the time, testified that he had completely stopped his truck in the west lane of the highway with his turn signal activated when Sykes’ vehicle ran into him in his, the west, lane of traffic.
All other testimony and the physical evidence reflects that the accident occurred in the east traffic lane of the highway in which the Sykes automobile was travel-ling in a northerly direction.
A disinterested witness, travelling in a southerly direction and trailing Powell’s truck, testified that the truck turned from the west lane of traffic into the east lane directly in front of the Sykes automobile. This testimony was supported by that of Sykes and Tyler who each testified that Powell turned his truck, evidently to enter the road leading to the east, into the path of the Sykes automobile. The physical evidence, which included skid marks, and the location of debris, clearly indicates that Powell’s vehicle had crossed into the east, northbound, lane of traffic at the time of the collision.
The plaintiff was taken after the accident to Tyler Holmes Memorial Hospital for examination. Dr. Riddell testified that he complained of pain in his chest, but that X-rays thereof were negative. The medical diagnosis was multiple rib fractures on the left and contusions of the Upper abdomen. He was retained in the hospital for observation and treatment from December 17 through December 23, 1969. On December 29 he returned to the hospital for continuing pain. On this occasion fluid was discovered in his left chest resulting in his remaining in the hospital until January 7, 1970. On February 24, 1970, the plaintiff was diagnosed to be capable of returning to his employment although complaining of severe pain. The pain continued, the result of a nerve irritation, and Tyler being at the age of 65 when maximum retirement benefits were possible, discontinued his employment in December 1970.
This suit for damages resulting from the accident seeks compensation for pain and suffering, permanent bodily injury, loss of present and future wages; impairment of earning capacity and present and future medical bills.
Medical obligations totalling $948.20, which were reasonable and necessary for the treatment of Tyler’s injuries, were introduced during the trial. Testimony was also introduced, and not contradicted, that the plaintiff was unable to work for approximately two months after the collision and that pain and suffering accompanied his physical injuries.
The jury award was $946.20, an amount less than the uncontroverted medical bill. The plaintiff moved for a new trial on the basis of an inadequate award and the defendant, denying liability, moved for a new trial contending that he was prejudiced by the introduction of improper evidence. Both of these motions were overruled; hence these appeals.
It is our opinion that the damages were clearly inadequate and a new trial should have been granted the appellant. The jury award not only is inadequate for payment of the necessary medical expenses, but it also totally overlooks damages for *647 pain and suffering and for lost wages. This Court has repeatedly held that the failure of a jury to provide for damages admitted and proved by a plaintiff not guilty of contributory negligence evinces bias and prejudice on the part of the jury. In Gregory v. Patrick, 204 So.2d 466, 468 (Miss.1967), we stated:
The sum awarded is less than the medical and hospital expenses. The plaintiff’s injuries, though not grave, were doubtless accompanied by pain and suffering for which she is entitled to damages. It is clear that where there is no showing of contributory negligence the question of the existence of passion or prejudice must be resolved by contrasting the uncontradicted showing of the entire damage with the amount of the verdict. Dixon v. Breland, 192 Miss. 335, 6 So.2d 122 (1942). By indulging this contrast it is apparent that the verdict of the jury was less than the proven actual damages exclusive of pain and suffering.
We hold, therefore, that the verdict of the jury evinces bias, passion or prejudice and that the lower court erred in overruling the plaintiff’s motion for a new trial; and thus, the cause must be remanded for a new trial upon the question of damages alone.
See also Koock v. Fletcher Constr. Co., 235 So.2d 462 (Miss. 1970); Cruthird v. Allred, 236 So.2d 369 (Miss.1970); Jones v. Craft, 218 So.2d 727 (Miss.1969); Burlingame v. Southwest Drug Stores of Mississippi, Inc., 203 So.2d 74 (Miss.1967); Saucier v. Walker, 203 So.2d 299 (Miss.1967); Johnson v. Wilkinson, 254 Miss. 475, 182 So.2d 224 (1966); and Whatley v. Delta Brokerage & Warehouse Co., 248 Miss. 416, 159 So.2d 634 (1964).
We are of the opinion that the verdict of the jury evinced bias, passion or prejudice against the plaintiff and that the trial court erred in not sustaining his motion for a new trial based upon the inadequacy of the damages.
On cross appeal Powell contends that the court erred in allowing a highway patrolman to testify that Sykes, the driver of the northbound automobile, had told him that the pickup truck driven by Powell had made a left turn directly in front of him. Although this statement was made by Sykes some fifteen to thirty minutes subsequent to the collision, the trial court permitted it to be introduced into evidence under the res gestae exception to the hearsay rule. We conclude this to be error.
The rationale for allowing such statement into evidence through the res gestae exception is stated in Alabama Great Southern Railroad Company v. Shannon, 109 Miss. 230, 68 So. 165 (1915), wherein Chief Justice Smith quoted with approval from 3 Wigmore on Evidence, sections 1746, 1747, the following:
“A statement or exclamation by an injured person, immediately after the injury, declaring the circumstances of the injury, or by a person present at an affray, a railroad collision, or other exciting occasion, asserting the circumstances of it as observed by him,” is admissible in evidence. “This general principle is based on the experience that, under certain external circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or, at least, as lacking the usual grounds of un-trustworthiness), and thus as expressing the real tenor of the speaker’s belief as to the facts just observed by him, and may therefore be received as testimony to those facts. The ordinary situation pre *648 senting these conditions is an affray or a railroad accident.” (Emphasis added.)
In addressing itself to a similar question of admissibility in Simon v. Dixie Greyhound Lines, Inc., 179 Miss. 568, 578, 176 So. 160, 162 (1937), this Court stated:
While the question of whether a statement is admissible as a part of the res gestae depends upon the facts and circumstances of the particular case, the general rule to be applied in determining the admissibility of such statements is very clearly stated by Judge Cooper in the case of Mayes v. State, 64 Miss. 329, 1 So. 733, 735, 60 Am.Rep. 58, in the following language: “It is not enough that the statement will throw light upon the transaction under investigation, nor that it was made so soon after the occurrence as to exclude the presumption that it has been fabricated, nor that it was made under such circumstances as to compel the conviction of its truth. The true inquiry, according to all the authorities, is whether the declaration is a verbal act, illustrating, explaining, or interpreting other parts of the transaction of which it is itself a part, or is merely a history, or a part of a history, or a completed past affair. In the one case it is competent; in the other it is not.”
See also Coleman v. Ford Motor Co., 240 So.2d 607 (Miss.1970).
We are of the opinion that the statement of Sykes was improperly admitted into evidence because it could not be considered so clearly connected with the collision either in time or spontaneity to constitute a part of the occurrence. At best it is the history of a completed affair.
We conclude, however, that the statement of Sykes related into evidence by the patrolman was harmless in view of the overwhelming evidence favorable to the plaintiff, which included the skid marks and debris, and that it in no wise affected the verdict.
We are of the opinion that the inadequate award to the plaintiff requires that the case be reversed and remanded for the determination of damages only on direct appeal and that it should be affirmed on cross appeal.
Reversed and remanded on direct appeal.
Affirmed on cross appeal.
GILLESPIE, C. J., and INZER, SMITH and ROBERTSON, JJ„ concur.