469 So.2d 92 (1985)
Darren Maurice EDWARDS, a Minor By and Through His Father and Next Friend, Calvin E. EDWARDS
v.
John C. PATRICK, a Minor, By and Through His Father and Next Friend, Leslie A. PATRICK.
No. 55541.
Supreme Court of Mississippi.
May 15, 1985.
John L. Hunter, David O. McCormick, Cumbest, Cumbest & Hunter, Kenneth W. Martin, Pascagoula, for appellant.
*93 Ernest R. Schroeder, John A. Banahan, Bryan, Nelson, Allen, Schroeder & Backstrom, Pascagoula, for appellee.
Before WALKER, P.J., and ROBERTSON and ANDERSON, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Jackson County, Mississippi, wherein the appellant, Darren Edwards, was granted a directed verdict as to liability against John Patrick and was awarded $5,000 for personal injuries received in an automobile accident. Aggrieved with the amount of the award, the appellant has perfected an appeal to this Court. John Patrick has filed his cross-appeal alleging it was error to direct a verdict as to liability for the appellant as well as not instructing the jury on the issue of Darren Edwards' comparative negligence.
On November 16, 1982, John Patrick and Darren Edwards were involved in an automobile accident on the Humphrey Farms Road. John Patrick, the driver of the automobile, in an attempt to avoid hitting a dead opossum on the road, lost control of his car whereby it went off to the right side and hit a tree.
Earlier that day while enroute to John's sister's house, he had observed the opossum on the opposite side of the road. The Humphrey Farms Road is a narrow road, being approximately 12 to 14 feet wide. Travelling back from his sister's, he planned to straddle the animal when he came upon it. John was travelling at approximately 45 to 55 miles per hour when he saw the animal some 300 to 400 feet away. He did not apply his brakes until the car ran off the road. The speed limit on the roadway was 40 miles per hour. The passenger in the car, Darren Edwards, told John not to run over the opossum. John jerked to the right to avoid hitting it, ran off in a ditch and hit a tree. The car was turned up on its side and both boys got out through the window on the passenger's side.
Darren was taken to the emergency room of a local hospital where he was seen by an orthopedic surgeon, Dr. Drake. Darren sustained a fracture of the cervical spine. Dr. Drake placed Darren's neck in a neck collar and referred him to Dr. Dohn, a neurosurgeon. Dr. Dohn treated Darren for a compression fracture of the C6 vertebral body as well as damage to the C7. In order to immobilize his neck, a halo device was affixed to his head. This apparatus consists of a metal ring that is affixed to the skull with four pins that go through the skin into the skull, one in each quadron of the skull. By means of vertical rods, the halo device is then fastened to a plastic jacket which goes down to the waist. By way of deposition Dr. Dohn testified that Darren had suffered a very severe compression fracture, although there was no damage to the spinal cord or nerve roots. The disc between the C6 and C7 was damaged as well as the ligaments that support the spine.
Darren was hospitalized from November 16, 1982 through November 20, 1982. He was immobilized in the halo device from November 17 through February 7. Darren's neck was then placed in a soft collar which he wore until March 9, 1983. Darren suffered from neck pain during treatment as well as at the time the halo device was applied. Darren was released for full activities of everyday living; however, was advised not to participate in those activities or sports which would subject him to reinjury of the spine. With regard to Dr. Dohn's prognosis, he felt that Darren would be vulnerable to other injury; he will have a greater degree of calcification within the injured area of his neck as well as the possibility of problems related to the outlets of the nerves.
Prior to trial, Darren was examined by Dr. Robert J. Zarzour, an orthopedic surgeon. At the time of the examination, April 29, 1983, Dr. Zarzour observed that Darren had no instability in his neck or looseness, all nerves and blood vessels going to his hands were doing well, he had full range of motion therefore there was no *94 evidence of spinal cord injury. According to Zarzour Darren suffered a ten percent compression fracture of C5; fifty percent compression fracture of C6 and a ten percent compression fracture of C7. Although Dr. Zarzour did not describe any treatment or medication for Darren, in his opinion Darren has a twenty-five percent impairment to the neck and an increased chance of developing arthritis in that area. It was his recommendation that Darren pursue a less strenuous type of work than that which he had been doing, which was body work on automobiles.
Following the testimony, a motion for a directed verdict on the issue of liability as to John Patrick was sustained. Following its deliberation the jury returned a verdict of $5,000 against Patrick in favor of Darren Edwards.
A motion for additur, or in the alternative, for a new trial as to damages was made by Darren Edwards. Following a hearing on the motion, it was denied. Prior to the court's ruling, however, the judge noted "Well, I really feel like the verdict is inadequate, you know. I think it should have been more. But if the verdict had been $100,000.00, I would have let that stood, too. So, I'm not going to interfere with it."
On appeal the appellant contends that it was error to deny an additur or a new trial as to damages as the verdict of the jury is contrary to the overwhelming weight of the evidence and is wholly inadequate and evinces bias and prejudice on their behalf. When the verdict is inadequate and not responsive to the proof, a new trial on damages is appropriate. Powers v. Malley, 302 So.2d 262 (Miss. 1974).
In Dunn v. Butler, 252 Miss. 40, 172 So.2d 430 (1965), we said:
In order to insure the preservation, integrity and vitality of the right to trial by jury, this Court has throughout its history exercised its constitutionally ordained duty to set aside verdicts whenever the jury manifestly failed to respond to reason. This power must be exercised with conscious self restraint and caution, but it must be exercised in a proper case for trial by a jury that will not respond to reason is a denial of the right itself.
In the present case, it is manifest that the jury did not respond to reason, which is the same as saying that the verdict evinces bias and prejudice against appellant.
252 Miss. at 44, 172 So.2d 430.
In the case before us the medical expenses stipulated to totalled $3,672.89. There can be no doubt but that Darren suffered pain and discomfort during the period he was required to wear the "halo" device. Both Doctors Dohn and Zarzour testified his chances of suffering from arthritis in the neck area were increased due to the accident. Both also agreed that Darren should refrain from activities wherein he was susceptible to reinjury of the spine. Dr. Zarzour also believed it best at his age that Darren pursue a less strenuous career other than working on automobile bodies. Darren himself stated his neck at times becomes stiff, tired, and painful.
We are of the opinion that in a case such as this where the plaintiff suffered a compression of 2 or 3 vertebrae, had a 25 percent impairment to his neck, was restricted in the type of work and activities he could perform in the future, was required to wear a "halo" device for a period of 2 1/2 months and then a soft collar for approximately one month, and suffered pain and discomfort from the injury, that a verdict of $5,000 was so inadequate as to evince bias and prejudice against him. Therefore, we reverse the judgment of the lower court and remand this cause for a new trial on the question of damages only.
On cross-appeal, John Patrick contends it was error for the court to direct a verdict on liability for Darren Edwards and in failing to instruct the jury on the issue of comparative negligence. The appellee asks this Court to affirm the holding of the lower court.
In his argument, he states "It appears obvious from the record that the jury *95 did in fact take the negligence of Darren Edwards into consideration in arriving at the verdict." In Mississippi the jury may reduce an award by taking into account the plaintiff's contributory negligence even though they were not instructed to do so. Watkins v. Ross, 380 So.2d 1265 (Miss. 1980); Altom v. Wood, 298 So.2d 700 (Miss. 1974). In the case sub judice, however, there is no evidence to warrant the granting of an instruction as requested by appellee, nor was there any such evidence for the jury to consider in diminishing the amount of their award to appellant.
The appellee asserts that Darren was contributorily negligent when he advised John to avoid hitting the opossum in the road. Although John testified he initially intended to straddle the animal, it is just as natural a response to swerve to hit an object in one's path whether advised to or not. There is nothing to indicate Darren's remarks controlled John's movement as if he had attempted to or did grab the steering wheel from John's control.
We refrain from holding that a statement made by a passenger such as that made by Darren in this case constitutes negligence. In Gregory v. Patrick, 204 So.2d 466 (Miss. 1967), the defendant who neither pled nor received an instruction on contributory negligence contended that the jury could have considered contributory negligence in arriving at their verdict. He urged that the action of the plaintiff in requesting him to turn left was proof that she was contributorily negligent. This Court found that the evidence failed to indicate any contributory negligence on the part of the plaintiff and stated that the verdict of the jury would be viewed as to its adequacy without diminishment by way of contributory negligence.
Those same standards used by the court in passing upon a request for a peremptory instruction are applied when a motion for a directed verdict is made except all the evidence the court has before it at that time is that offered by the plaintiff. Goodwin v. Gulf Transport Co., 453 So.2d 1035 (Miss. 1984).
With this in mind the court in determining whether or not a directed verdict was appropriate considered the following:
"`all evidence with reasonable inferences flowing therefrom must be accepted as true in favor of the party against whom the peremptory instruction is requested, all evidence in conflict therewith is disregarded, and, if such evidence is sufficient to support a verdict for the party against whom the peremptory instruction is requested, then it should be denied.'"
Barkley v. Miller Transporters, Inc., 450 So.2d 416, 419 (Miss. 1984).
Applying the above rule to the case sub judice, we find that the lower court was correct in granting the directed verdict as to liability as there is no proof in the record to indicate the accident arose other than by the negligence of the appellee, John Patrick.
REVERSED AND REMANDED AS TO DAMAGES ONLY ON DIRECT APPEAL; AND AFFIRMED ON CROSS-APPEAL.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.