491 So.2d 866 (1986)
Harold MATKINS, et al.
v.
Maurice LEE.
No. 55706.
Supreme Court of Mississippi.
July 30, 1986.
*867 Talmadge D. Littlejohn, New Albany, for appellant.
Robert M. Carter, Darden, Sumners, Carter, Trout & McMillin, New Albany, for appellee.
Before WALKER, C.J., and PRATHER and GRIFFIN, JJ.
WALKER, Chief Justice, for the Court:
Harold Matkins, Charlene Matkins and Connie Matkins appeal from an order of the Circuit Court of Benton County, Mississippi, denying their motion for judgment non obstante veredicto or alternatively for a new trial on damages.
On June 23, 1982, Charlene Matkins, with her stepdaughter Connie as a passenger, was driving west on Highway 30 in New Albany. The automobile which Charlene Matkins was driving collided with a truck driven by Maurice Lee. As a result of the impact, Charlene was thrown forward and upward. Her head struck the rear-view mirror, and her chest struck the steering wheel. She was unconscious for a short time. Connie's knees and head struck the dashboard.
Maurice Lee admitted liability, and a trial was held solely on the issue of damages. Charlene Matkins and Connie Matkins sought damages for their injuries. Harold Matkins, Charlene's husband, sought damages for loss of consortium. After the evidence was presented, the jury, having been instructed to find for the Matkins, returned verdicts of $5,271.70 for Charlene, $3,400.00 for Connie, and $.00 for Harold. The Matkins moved for judgment non obstante veredicto, or, in the alternative, for a new trial on damages. The trial court denied the motion, and from that denial the Matkins appeal, alleging that the jury verdicts were inadequate and were the result of bias, passion and prejudice on the part of the jury. As to Charlene Matkins and Connie Matkins, we reverse and remand for a new trial on damages. As to Harold Matkins, we affirm.

CHARLENE MATKINS
Immediately after the accident, Charlene was transported by ambulance to the Union County General Hospital, where she was treated for multiple bruises and contusions. She remained there for several days. Subsequently, she was again hospitalized for pain in the chest, left arm, back and neck, which her family physician attributed to the accident.
*868 Charlene continued to experience pain, and approximately one month after the accident, she was diagnosed as having thoracic outlet syndrome, a condition caused by compression of the nerves and blood vessels leading from the chest area to the arm. Her family physician testified that the thoracic outlet syndrome was precipitated by the accident, and the surgeon who treated her for the syndrome testified that it was caused by the accident.
To relieve the discomfort resulting from the syndrome, a surgical procedure was performed in which ninety percent (90%) of a rib was removed. As a consequence of the surgery, Charlene developed a blood clot which necessitated two more hospitalizations.
The record indicates that Charlene's medical bills were in excess of $12,000.00 The jury verdict for Charlene was $5,271.70.
We have reviewed the evidence and are of the opinion that, considering the evidence in the light most favorable to the appellee Maurice Lee, the verdict of the jury as to Charlene Matkins is not responsive to the evidence and is against the overwhelming weight of the evidence. We are also of the opinion that the verdict is so inadequate as to evince bias, passion and prejudice on the part of the jury. Edwards by Edwards v. Patrick by Patrick, 469 So.2d 92 (Miss. 1985); Jackson v. Brumfield, 458 So.2d 736 (Miss. 1984); Koock v. Fletcher Construction Co., 235 So.2d 462 (Miss. 1970). Such bias, passion and prejudice are inferred, in part, by contrasting the amount of the verdict and the amount of the damages. City of Jackson v. Ainsworth, 462 So.2d 325 (Miss. 1984); Walton v. Scott, 365 So.2d 630 (Miss. 1978). The verdict also makes it manifest that nothing was awarded for pain and suffering. We therefore reverse and remand for a new trial on damages only.

CONNIE MATKINS
The testimony indicated that, as a result of the accident, Connie suffered a fractured nose. Her condition was diagnosed as traumatic nasal deformity. To correct the condition, it was necessary to perform surgery which involved making five (5) incisions inside the nose, using a chisel and mallet to "free up" the nasal bone, cutting the cartilage of the nose, and packing the nose after surgery. The record indicates that Connie will need further surgery to correct a raised area approximately a millimeter in size on the side of her nose. The cost incurred for medical treatment before the trial was $2,772.33, and the corrective surgery will require an additional $1,000.00-$1,200.00, making Connie's total expenditures for medical treatment $3,772.33-$3,972.33. The jury awarded her $3,400.00. Again, we are of the opinion that the verdict is so inadequate as to evince bias, passion and prejudice on the part of the jury (Edwards, Jackson, Koock, supra), an inference drawn, in part, by contrasting the amount of the verdict and the amount of the damages (Ainsworth, Walton, supra). Again, it is manifest from the verdict that nothing was awarded for pain and suffering. Therefore, as to Connie Matkins, we reverse and remand for a new trial on damages only.

HAROLD MATKINS
Harold Matkins sued for loss of consortium, resulting from the injuries to Charlene, his wife. The question of loss of consortium was fairly presented to the jury and was resolved against Harold Matkins. As to the verdict of $.00 for Harold Matkins, we affirm.
REVERSED AND REMANDED FOR A NEW TRIAL ON DAMAGES AS TO CHARLENE MATKINS AND CONNIE MATKINS.
AFFIRMED AS TO HAROLD MATKINS.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.