**Lois JACKSON and Ronald Jackson, Plaintiffs–Appellants**

v.

**James G. TAYLOR, M.D., Defendant–Appellee.**

No. 89–6096.

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1990.

796

Mark Douglas Herbert, Sullins, John-
ston, Rohrbach & Magers, Houston, Tex.,
for plaintiffs-appellants.

Forrest G. Braselton, Nacogdoches, Tex.,
for defendant-appellee.

Before GEE, POLITZ and
BARKSDALE, Circuit Judges.

GEE, Circuit Judge:

This is a medical malpractice case found-
ed on diversity, governed by Texas sub-
stantive law, and presenting two issues.
The first issue is whether the trial court
abused its discretion by denying plaintiffs'
motion for a new trial when the jury, after
finding the defendant liable, disregarded
the objective and uncontroverted evidence
by awarding plaintiff no recovery for cer-
tain elements of damages. The second is-
sue is whether the trial court abused its
discretion by refusing to submit a jury
interrogatory on exemplary damages when
the pleadings and evidence raised the issue
of gross negligence. We conclude that the
trial court abused its discretion in both
instances; therefore, we reverse and re-
mand the case for a new trial.

*Background*

This case began in November 1982, when
appellee Dr. James G. Taylor prescribed
birth control pills for appellant Lois Jack-
son. In May 1986, Ms. Jackson was hospi-
talized with bleeding liver tumors, which
were allegedly caused by the birth control
pills. Ms. Jackson's case against Dr. Tay-
lor was tried to a jury, and the jury found
that Dr. Taylor was negligent and that his
negligence was a proximate cause of Ms.
Jackson's injuries. The jury awarded Ms.
Jackson $20,719.85 in total damages, which
corresponded exactly to her past medical
expenses as stipulated by the parties. Ms.
Jackson had also sought damages for fu-

ture medical expenses; past pain, suffering, and mental anguish; past physical impairment; past loss of earnings; future loss of earning potential; and Mr. Jackson had claimed damages for loss of consortium. In light of the jury's curious damage award, Ms. Jackson requested a new trial on the issue of damages. The trial court denied her request. Ms. Jackson also requested a jury interrogatory on exemplary damages, but the trial court refused this request as well. She now appeals, complaining of these rulings.

### The Jury's Damage Award

Considering Ms. Jackson's first point of error, the ultimate issue is whether the trial court abused its discretion by refusing to grant her motion for a new trial. *See Franks v. Associated Air Center, Inc.,* 663 F.2d 583 (5th Cir.1981). To determine whether the court abused its discretion, we must consider the sufficiency of the evidence regarding the elements of damages for which the jury awarded no recovery.

■ Federal law governs the sufficiency of evidence to warrant a new trial, *Jones v. Wal–Mart Stores, Inc.,* 870 F.2d 982 (5th Cir.1989); and we must view the evidence in the light most favorable to the jury's verdict, disregarding their verdict only if the evidence is so strong that a reasonable person could not have found as the jury did. *Id.* at 987. Texas law governs the scope of relevant evidence. Under Texas law, once liability is established, a jury must award *some* amount for each element of damages that is objectively proved. *See Lowery v. Berry,* 153 Tex. 411, 269 S.W.2d 795 (1954); *Russell v. Hankerson,* 771 S.W.2d 650 (Tex.App.—Corpus Christi 1989, writ denied); *Sansom v. Pizza Hut of East Texas, Inc.,* 617 S.W.2d 288 (Tex.Civ.App.—Tyler 1981, no writ); *Bazzano v. Ware,* 530 S.W.2d 650 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). Under this rule, however, the jury remains the ultimate judge of credibility and retains primary responsibility for awarding damages. As the Texas case law has developed, to ensure an award for a particular element of damages, a plaintiff must present objective and uncontroverted evidence on that element. *See Sansom,* 617 S.W.2d at 293; *Bazzano,* 530 S.W.2d at 651. To the extent that a plaintiff makes such a showing, a jury may not deny recovery. *See Lowery,* 269 S.W.2d at 797.

■ The record indicates that the jury was instructed to consider seven elements of damages. The jury award of $20,719.85 corresponds exactly to the stipulated amount of past medical expenses. Ms. Jackson argues on appeal that she presented "objective and uncontroverted" evidence on all seven elements of damages and that she is entitled to have an award for each element. Yet, some elements of her damages, such as those relating to pain and suffering are, by their nature, subjective. The jury is entitled to weigh the credibility of the evidence and cannot be compelled to award damages if it concludes that the evidence is untrustworthy. *See Tatum v. Huddleston,* 711 S.W.2d 367 (Tex.App.—Texarkana 1986, no writ). Indeed, most of the six elements of damages under review are subjective; and for the most part we conclude that the trial court did not abuse its discretion by refusing to grant a new trial merely because the jury chose not to believe Ms. Jackson's subjective evidence.

■ At least two of Ms. Jackson's elements of damages, however, are objective and were objectively proved. The record indicates that Ms. Jackson's past physical impairment and her past lost earnings were supported by objective and uncontroverted evidence. Under Texas law, the jury may not ignore this evidence. Under federal law, a reasonable jury could not have concluded otherwise than that Ms. Jackson was entitled to an award for these elements of damages. It is thus apparent that Ms. Jackson has satisfied both the Texas "objective and uncontroverted" test and the federal sufficiency standard on two elements of her damages for which she was awarded no recovery, and thus, we are compelled to find that the trial court erred by denying her motion for a new trial.

*The Exemplary Damages Instruction*

■ Here, as with the motion for a new trial, the ultimate issue is whether the trial court abused its discretion by refusing to grant Ms. Jackson's request for a jury instruction on exemplary damages. *See Bryan v. Cargill, Inc.,* 723 F.2d 1202 (5th Cir.1984). Our standard of review is abuse of discretion, that it is error to refuse a jury instruction only if there are pleadings and sufficient evidence to support the instruction. *See Syrie v. Knoll Int'l,* 748 F.2d 304 (5th Cir.1984).

■ State law determines that evidence which is relevant to the issue of exemplary damages. Under Texas law, exemplary damages in a medical malpractice case are permissible when the evidence shows gross negligence—"that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons affected by it." *McPhearson v. Sullivan,* 463 S.W.2d 174, 174 (Tex.1971).

■ The record indicates that Ms. Jackson's pleadings contained allegations of gross negligence and that the video deposition of Dr. William A. Cook, plaintiff's expert, was presented to the jury. In his deposition and after being informed of the *McPhearson* definition of gross negligence, Dr. Cook testified that in his opinion Dr. Taylor was grossly negligent. Dr. Cook went on to identify the particular acts and omissions that he felt demonstrated Dr. Taylor's conscious indifference to the welfare of Ms. Jackson. The record also contains evidence tending to rebut Dr. Cook's opinion—most notably that Ms. Jackson purchased over 1000 birth control pills in a period of time when less than 200 were prescribed.[1] But Dr. Taylor does not point to any direct rebuttal of Dr. Cook's opinion nor does our review of the record reveal any direct rebuttal. Based on the record, we must conclude that there was sufficient evidence to submit a jury interrogatory on exemplary damages and that the trial court erred by refusing to submit Ms. Jackson's

requested jury interrogatory; therefore, we must reverse the judgment of the trial court and remand this case for a new trial.

*Conclusion*

We hold that, under Texas law, a jury may not disregard objective and uncontroverted evidence concerning elements of plaintiff's damages; therefore, we must find that the trial court abused its discretion by denying plaintiff's request for a new trial. We also hold that, under Texas substantive and federal procedural law, if both the pleadings and evidence raise the issue of gross negligence, a jury interrogatory on exemplary damages is required; thus, we must find that the trial court abused its discretion by refusing to submit a jury interrogatory on exemplary damages. Accordingly, we REVERSE the decision of the trial court and REMAND the case for a new trial on both liability and damages.

REVERSED and REMANDED.

---

1. Despite this circumstance, Dr. Taylor apparently did not plead contributory negligence.