Timothy Allen ADAMS, Plaintiff,

v.

WAL–MART STORES, INC., Defendant,

National Union Fire Insurance Company, Intervenor.

No. 2:91–cv–261(P)(N).

United States District Court, S.D. Mississippi, Hattiesburg Division. ·

Aug. 24, 1993.

Leslie D. Holleman, Boyce Holleman, P.A. Gulfport, MS, for plaintiff.

George F. Bloss, Bryant, Clark, Dukes, Blakeslee, Ramsay & Hammond, Gulfport, MS, for intervenor.

Robert J. Dambrino, Aultman, Tyner, McNeese & Ruffin, Hattiesburg, MS, for defendant.

## ORDER ON MOTION FOR NEW TRIAL

PICKERING, District Judge.

This matter is before the Court on Motion for New Trial on Damages or in the Alternative on All Issues filed on behalf of the Plaintiff and joined by the Intervenor. The Court, having reviewed the motion, the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit;

### FACTUAL BACKGROUND

This case was tried before a jury on August 31 and September 1, 1992, which returned a verdict for Plaintiff and assessed his damages as "$12,252.40 for medical expenses." The amount of the verdict was the exact amount of medical expenses plaintiff offered into proof and made no allowance for any other element of damage plaintiff allegedly suffered and attempted to prove. On this basis, Plaintiff has filed this motion arguing that the jury verdict was the product of bias and prejudice against him, was against the overwhelming weight of the evidence, is inadequate and not in accordance with the instructions of the Court. Plaintiff also argues that the Court erred in giving contributory negligence instructions D–3 and D–4 to the jury.

Defendant argues that the Plaintiff proved liability and his medical expense damages but failed to meet his burden of proof on all other elements of damages and has asserted that the jury verdict is appropriate in all respects and should stand.

### THE PROOF AT TRIAL

On July 19, 1990, the Plaintiff was employed as a truck driver and was making a delivery to the Wal–Mart distribution center in Brookhaven, Mississippi. While assisting in unloading his truck, Plaintiff was struck on his right knee by the load on a forklift truck driven by a Wal–Mart employee. Plaintiff alleges that he suffered worsening pain in the knee that day and into the night so that he sought medical treatment at the Gulf Coast Orthopaedic Clinic the day after the incident. He was treated by Dr. Thomas Hewes who performed arthroscopic surgery on the knee on August 22, 1990, and found a degenerative condition to exist in Plaintiff's knee. Dr. Hewes prescribed physical therapy to continue through November 19, 1990, and on November 23 ordered an MRI to determine the continued weakness of Plaintiff's knee. Dr. Hewes performed an additional arthroscopic surgery on January 4, 1991. Dr. Hewes opined that Plaintiff reached maximum medical recovery on February 26, 1991, and assigned a 10% loss of function to his right leg. He stated that Plaintiff could not return to his former work as a truck driver but could only do sedentary type work with no repeated bending, climbing, stooping or crawling.

Dr. Hewes concluded that Plaintiff had an asymptomatic degenerative knee condition prior to July 19, 1990, that would, sooner or later, have become symptomatic but that the trauma incident of July 19, 1990, aggravated the degenerative condition and made it become symptomatic causing the Plaintiff to require the medical treatment he (Dr. Hewes) had rendered. He further concluded that Plaintiff will have a progression of his knee problems because of the aggravation of the degenerative condition caused by the accident and that Plaintiff's knee will cause him pain in the future. Dr. Hewes' testimony was uncontradicted.

The evidence showed Plaintiff incurred medical bills of $12,252.40 and that he was totally disabled from July 19, 1990, to February 26, 1991. Based on his average weekly wage before the accident, he would have had

lost wages for that period of $11,525.80. Plaintiff also offered proof of future loss of wages due to the aggravation of his degenerative condition as well as past and future pain and suffering.

### STANDARD OF REVIEW

A careful review of the relevant authorities on the subject of a motion for a new trial based on the verdict being contrary to the weight of the evidence suggests that there is substantial confusion on the subject. "The matter is complicated because of the recurrent tendency on the part of some courts to confuse the standard for a new trial with that for a directed verdict or a judgment notwithstanding the verdict."[1] 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2806 at 42 (1973).

### MOTIONS FOR DIRECTED VERDICT AND JNOV

The Fifth Circuit, in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969) clearly set forth the standard of review as to motions for a directed verdict and for judgment notwithstanding the verdict:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper.

Id. at 374.

### MOTION FOR NEW TRIAL

There are a number of Fifth Circuit cases which set forth the standard of review on motions for a new trial:

> A trial judge can grant a motion for a new trial if he believes the verdict is contrary to the weight of the evidence. He is free to weigh the evidence in considering this motion.

Robin v. Wilson Bros. Drilling, 719 F.2d 96, 98 (5th Cir.1983).

> The trial court in passing on a motion for new trial need not take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. Bazile v. Bisso Marine Co., Inc., 5 Cir.1979, 606 F.2d 101, 105,; cert. denied, 1980, 449 U.S. 829, 101 S.Ct. 94, 66 L.Ed.2d 33; 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2806 at 44–45 (1973).

Shows v. Jamison Bedding, Inc., 671 F.2d 927, 930 (5th Cir.1982).

> In making this determination [on a motion for new trial], the district court weighs all the evidence, but need not view it in the light most favorable to the nonmoving party.

Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir.1985).

The case of United States use of Weyerhaeuser Co. v. Bucon Construction Co., 430 F.2d 420 (5th Cir.1970), clearly points out the distinction between motions for a new trial as contrasted to motions for a directed verdict or for judgment notwithstanding the verdict:

> There is an important distinction between a motion for a directed verdict or a motion for a judgment n.o.v. on the one hand and a motion for a new trial on the other. In passing on a motion for a directed verdict, or for judgment n.o.v., the court does not exercise discretion, but decides a pure question of law, that is, whether the evidence, considered in the light most favorable to the party against whom the motion is directed, affords substantial support for a verdict in his favor.

> .    .    .    .    .

> In passing on a motion for a new trial, the court may and should exercise a sound discretion. . . .

> .    .    .    .    .

> The distinction above stated between a motion for a directed verdict or for a judgment n.o.v. on the one hand and a motion for a new trial on the other was firmly

---

**1.** Pursuant to the amendment to Rule 50, Federal Rules of Civil Procedure, effective December 1, 1991, a Motion for Directed Verdict and a Motion for Judgment Notwithstanding the Verdict are now referred to as a Motion for Judgment as a Matter of Law.

embedded in the common law and has long been recognized by the decisions of this court and other national courts. (Footnotes omitted).

*United States use of Weyerhaeuser Co. v. Bucon Construction Co.,* 430 F.2d at 423–24. *See also National Car Rental System, Inc. v. Better Monkey Grip Co.,* 511 F.2d 724 (5th Cir.1975); *cert. denied, Better Monkey Grip Co. v. National Car Rental System, Inc.,* 423 U.S. 894, 96 S.Ct. 193, 46 L.Ed.2d 126 (1975); and *cert. denied, National Car Rental System, Inc. v. Better Monkey Grip Co.,* 423 U.S. 986, 96 S.Ct. 394, 46 L.Ed.2d 303 (1975).

There is a distinct difference in the review required of the evidence when considering a motion for a directed verdict or judgment notwithstanding the verdict and a motion for new trial on the basis that the verdict is against the weight of the evidence.

Although a trial judge cannot weigh the evidence when confronted with a motion notwithstanding the verdict, in a motion for a new trial the judge is free to weigh the evidence.

*Bazile v. Bisso Marine Co.,* 606 F.2d 101, 105 (5th Cir.1979); *reh'g denied,* 613 F.2d 314 (5th Cir.1980); and *cert. denied, Bisso Towboat Co. v. Bazile,* 449 U.S. 829, 101 S.Ct. 94, 66 L.Ed.2d 33 (1980).

Also, "... on a motion for a new trial on the ground that the verdict is against the weight of the evidence, the judge is free to weigh the evidence for himself." 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2806 at 45 (1973). Importantly, "[T]he trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it." *Id.,* at 49.

After all the evidence has been weighed, "[i]f, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is expected that he will grant a new trial." *Id.,* at 49.

■ After a careful review of the Fifth Circuit decisions on this question, this Court concludes that the correct standard is for the trial judge to weigh all the evidence on a motion for new trial urged on the basis that the verdict is against the weight of the evidence. If the verdict is against the "great" weight of the evidence, a new trial should be granted. If not, the motion for a new trial should be denied.

Two recent Fifth Circuit decisions blur the distinction between a motion for a new trial and motions for a directed verdict or judgment notwithstanding the verdict, but they do not reverse any prior decisions of the Fifth Circuit and they reach the same conclusion as urged by Plaintiff in this case. In *Jones v. Wal–Mart Stores, Inc.,* 870 F.2d 982 (5th Cir.1989), the jury found for Plaintiff and assessed damages for certain elements under Texas law but failed to assess any damages for other elements. The trial court denied Plaintiff's motion for a new trial. The Fifth Circuit reversed and remanded for a new trial on the issue of all damages. The Fifth Circuit ordered the new trial even though the trial judge had denied the motion for a new trial and even though the court seemingly held that the Plaintiff had to meet the more stringent burden applied to motions for a directed verdict or judgment notwithstanding the verdict.

The Court in *Jones,* stated:

When a new trial is requested on such evidentiary grounds the motion should not be granted unless the verdict is against the great, not merely the preponderance, of the evidence. *Conway v. Chemical Leaman Tank Lines, Inc.,* 610 F.2d 360, 362–63 (5th Cir.1980); *Herrmann v. Nicor Marine Co., Inc.,* 664 F.Supp. 241, 245 (E.D.La.1985).

*Jones v. Wal–Mart Stores, Inc.,* 870 F.2d at 986. This is the standard enunciated by most Fifth Circuit decisions as to motions for a new trial. However, the court went on to state:

The controlling federal standard of review is that all the evidence must be viewed in a light most favorable to the jury's verdict, and the verdict must be affirmed unless the evidence points "so strongly and overwhelmingly in favor of one party that the

court believes that reasonable men could not arrive at a contrary [conclusion]." *Whatley v. Armstrong World Industries, Inc.,* 861 F.2d 837, 839 (5th Cir.1988), quoting *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969).

*Jones v. Wal–Mart Stores, Inc.,* 870 F.2d at 987. This is the standard of review most often cited as the standard of review on motions for a directed verdict or judgment notwithstanding the verdict.

In the other case, *Jackson v. Taylor,* 912 F.2d 795 (5th Cir.1990), the jury awarded Plaintiff an amount that "corresponded exactly to her past medical expenses." *Id.,* at 796. No amount was awarded for other elements of damage which Plaintiff had attempted to prove. The Fifth Circuit again reversed holding that "the trial court abused its discretion by denying plaintiff's motion for a new trial." *Id.,* at 798. The Court in *Jackson, supra,* relying upon *Jones, supra,* likewise seemed to apply the test ordinarily applied to motions for a directed verdict or judgment notwithstanding the verdict.

■ The standard of review as to motions for a new trial is lower than that for a directed verdict or a judgment notwithstanding the verdict. Under this standard, even if there is substantial evidence to support the verdict, a new trial is granted if the judge weighs the evidence and determines that the jury verdict is contrary to the "great weight" of the evidence.

A verdict can be against the "great weight of the evidence", and thus justify a new trial, even if there is substantial evidence to support it. *Id. See also* 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2806 at 43 (1973).

*Shows v. Jamison Bedding., Inc.,* 671 F.2d at 930.

■ But, as set forth above, the verdict under attack must be against the "great weight" of the evidence as opposed to merely the "greater weight" of the evidence.

In a further effort to prevent the trial judge from simply substituting his judgment for that of the jury, we require that new trials should not be granted on evidentiary grounds "unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence". *Conway* 610 F.2d at 363 (*citing Spurlin v. General Motors Corp.,* 5 Cir.1976, 528 F.2d 612, 620).

*Shows v. Jamison Bedding, Inc.,* 671 F.2d at 930.

■ When reviewed under this standard, the trial court has broad discretion to grant or deny a motion for new trial:

The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and reversible only for an abuse of that discretion. 6A Moore's Federal Practice ¶ 59.-08[5] at 59–156 to 163; 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2812 at 118–19 (1973).

*Id.* at 930. However, the grant of a new trial, as opposed to a denial, is subject to a heightened scrutiny in this circuit:

... we apply a broader review to orders granting new trials than to orders denying them. *Conway v. Chemical Leaman Tank Lines, Inc.,* 5 Cir.1980, 610 F.2d 360, 362 (per curiam), *reh. denied,* 1980 5 Cir., 614 F.2d 1298. And where a new trial is granted on the ground that the verdict is against the weight of the evidence, we exercise particularly close scrutiny, to protect the litigants' right to a jury trial. *Massey* [*v. Gulf Oil Corp.*] 508 F.2d [92] at 95 [ (5 Cir.1975) ].

*Id.* at 930.

In view of the above language, it should be noted that in *Jones* and *Jackson,* the trial courts denied the motions for a new trial yet the Fifth Circuit reversed the trial court in each of those cases and granted the motions for a new trial even though seemingly applying the same standard of review as required for motions for a directed verdict or judgment notwithstanding the verdict.

This Court is firmly committed to the jury system and does not take the role of the jury lightly. This court has strong feelings that jury verdicts should not be disturbed except in rare instances. However, as previously noted, the Court does have the duty to see that "miscarriages of justice" do not occur. When the court has been witness to a miscar-

riage of justice, it cannot sit idly by as if cast in stone. Plaintiff's motion has focused the Court's attention on the very serious question of whether the verdict rendered in this case is against the "great weight" of the evidence.

■ Plaintiff presented himself as a credible witness and his complaints about pain and suffering were consistent with the injury he suffered and the course of treatment afforded him by Dr. Hewes. His testimony about his past loss of wages was also credible and not effectively refuted. After carefully weighing the evidence presented to the jury, this Court is left with the definite and firm conviction that a mistake has been committed. It is obvious that the jury totally ignored the unrefuted proof regarding the Plaintiff's past loss of wages and pain and suffering by specifically limiting its verdict to "medical expenses".

Although the Court gave Defendant two instructions as to Plaintiff's possible contributory negligence, the jury obviously found no contributory negligence for the jury verdict awarded Plaintiff "$12,252.70 for medical expenses", being the exact amount or 100% of the medical expenses incurred by Plaintiff. The fact that the jury added the word "for medical expenses" clearly indicated that the jury awarded no sums whatsoever for pain and suffering, past loss of wages or any element other than past medical expenses. This indicates a bias against damages other than medical expenses incurred. Having found that there was obviously no legitimate basis for the jury not awarding damages for past loss of wages and pain and suffering, the Court finds it unnecessary to discuss any other elements of damages not awarded.

The Fifth Circuit, in *Jones*, held that Texas law required damages to be assessed for (1) future mental anguish, (2) loss of earning capacity and, (3) past and future disfigurement. Although the jury verdict awarded jury damages for (1) past physical pain, (2) future physical pain, (3) past mental anguish, (4) past medical expenses, (5) future medical expenses, (6) physical impairment in the past, (7) future physical impairment, and (8) past loss of earnings, it awarded no sums for (1) future mental anguish, (2) loss of earning capacity, and (3) past and future disfigurement.

Plaintiff seems to argue that Mississippi case law determines whether a new trial is or is not granted. Plaintiff is correct in that Mississippi law determines the elements of damages, but incorrect in suggesting that state law determines questions of the sufficiency of the evidence required to support a jury verdict. As the Court in *Jones*, said:

> Because this is a diversity case, state law determines the type of evidence that must be produced to support a verdict but "the sufficiency or the insufficiency of the evidence in relation to the verdict is indisputably governed by a federal standard." (Citations omitted.)

*Jones v. Wal–Mart Stores, Inc.*, 870 F.2d at 986.

The Mississippi cases cited by Plaintiff, as to what elements must be compensated, control, just as Texas cases controlled the elements of damages to be awarded in *Jones*, *supra*. The Mississippi cases cited by Plaintiff make plain that a verdict which awards no sum for pain and suffering and past loss of wages will not stand. *See Cortez v. Brown*, 408 So.2d 464 (Miss.1981); *City of Jackson v. Ainsworth*, 462 So.2d 325 (Miss. 1984); *Harold Matkins v. Maurice Lee*, 491 So.2d 866 (Miss.1986). *See also Tyler v. Powell*, 262 So.2d 645 (Miss.1972), (medical expenses $948.20—inadequate jury award $946.20); *Gregory v. Patrick*, 204 So.2d 466 (Miss.1967) (hospital and medical expenses $201.15—inadequate jury award $200); *Dunn v. Butler*, 252 Miss. 40, 172 So.2d 430 (1965) (special damages $1,385.00, inadequate jury verdict—$1,385.00); *Johnson v. Wilkinson*, 182 So.2d 224 (Miss.1966) (special damages $3,610.95, inadequate jury verdict—$5,000.00).

Although this Court feels that the correct standard of review in this case is for the Court to weigh all the evidence, nevertheless, even if this Court were to apply the standard that all of the evidence must be viewed in the light most favorable to the verdict and a new trial granted only if the Court determines that no reasonable juror could return the verdict returned, the Court would still order

a new trial under the authority of *Jones, supra,* and *Taylor, supra.* This case is analogous to both of these cases. The jury awarded damages for some elements and ignored the Court's instructions as to the other elements. Mississippi law is no different than Texas law in that regard. The same thing happened in *Jones* and *Taylor* as in this case and the Fifth Circuit reversed the trial court and ordered new trials in each of those cases.

Plaintiff correctly argues that it is as much the duty of a court to set aside insufficient verdicts as it is to set aside excessive verdicts. This Court is of the opinion that to allow the jury's verdict on damages to stand would be a serious miscarriage of justice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion for New Trial on the Issue of Damages is GRANTED. The jury's verdict on the liability of Defendant shall stand.

SO ORDERED.